FILED
United States Court of Appeals
Tenth Circuit

July 29, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:  CLARENCE THOMAS,

      Debtor.

-----------------------------

CLARENCE THOMAS,

      Appellant,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      Appellee.

No. 13-6281
(BAP No. 13-029-WO)
(BAP)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **EBEL**, and **PHILLIPS**, Circuit Judges.

This appeal concerns whether the Federal National Mortgage Association

(FNMA) is a "party in interest" entitled to seek "an order . . . confirming that the

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

automatic stay [associated with Mr. Thomas's bankruptcy] has been terminated."
11 U.S.C. § 362(j). After holding an evidentiary hearing, the bankruptcy court
determined that FNMA had made a sufficient, colorable showing of standing, as the
holder of a promissory note signed by Mr. Thomas, to seek § 362(j) relief. The Tenth
Circuit Bankruptcy Appellate Panel (BAP) affirmed. Exercising jurisdiction under
28 U.S.C. § 158(d)(1), we affirm.

"Although this appeal is from a decision by the BAP, we review only the
Bankruptcy Court's decision." *Alderete v. Educ. Credit Mgmt. Corp. ( In re
Alderete)*, 412 F.3d 1200, 1204 (10th Cir. 2005). "We review matters of law
de novo, and we review factual findings made by the bankruptcy court for clear
error." *C.O.P. Coal Dev. Co. v. C.W. Mining Co. (In re C.W. Mining Co.)*, 641 F.3d
1235, 1240 (10th Cir. 2011). "[W]e treat the BAP as a subordinate appellate tribunal
whose rulings are not entitled to any deference (although they certainly may be
persuasive)." *Parks v. Dittmar (In re Dittmar)*, 618 F.3d 1199, 1204 (10th Cir. 2010)
(quotation omitted). We may affirm the decision of the bankruptcy court "for any
reason supported by the record." *United States v. Myers (In re Myers)*, 362 F.3d 667,
674 n.7 (10th Cir. 2004).

At the evidentiary hearing, FNMA produced what it claimed was the original
promissory note signed by Mr. Thomas. FNMA claimed to be the holder of the note
which had been endorsed in blank. The bankruptcy court concluded, and the BAP
affirmed, that FNMA had made a sufficient showing that it held the original note to

confer standing to seek the § 362(j) order. Mr. Thomas now raises a number of objections to this conclusion, arguing that (1) FNMA failed to present evidence concerning how it came into possession of the note; (2) the bankruptcy court and BAP's scenario concerning the history of the note is unsupported and contradicted by the record and the representations of FNMA's counsel; (3) the BAP erred by shifting the burden to Mr. Thomas to prove that someone besides FNMA held the original note or had made a claim on the note; (4) FNMA failed to provide any evidence to prove transfer of the note to FNMA; (5) Mr. Thomas proved that Chase Home Finance, LLC, had made a conflicting claim on the note; (6) FNMA submitted no evidence to prove that the note presented was the original, and the note was not self-authenticating pursuant to Fed. R. Evid. 902(9); and (7) the ambiguities in the note's chain of title are materially relevant in this context.

Having carefully reviewed the bankruptcy court's decision and the BAP's affirmance, the briefs, and the record, we affirm the challenged decision for substantially the reasons stated in the BAP's opinion issued November 13, 2013. To the extent Mr. Thomas raises points not expressly determined by the BAP in its decision, we find them meritless.

Entered for the Court


David M. Ebel
Circuit Judge

- 3 -